**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN OSCAR FUENTES,

      Plaintiff,

v.   No. CIV-07-0748 RB/RLP

MAYOR MARTIN CHAVEZ,
CITY OF ALBUQUERQUE PUBLIC DEFENDERS,
NEW MEXICO, BERNALILLO
ROBERT E. FOX, BRUCE FOX,
PETER J. GIOVANNINI,
CITY OF ALBUQUERQUE DISTRICT ATTORNEY OFFICE,
NEW MEXICO, COUNTY OF BERNALILLO
PHYLLIS DOMINGUEZ,
OTHER UNKNOWN BUT WILL BECOME
KNOWN AT TIME OF DISCOVERY,
"BIVENS LAW" DISTRICT ATTORNEY
KARLE BRANDENBERG
(AKA) KARI BRANDENBERG,

      Defendants.

**MEMORANDUM OPINION AND ORDER TO CURE DEFECTS**

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's original and first amended civil rights complaints (together the "complaint"). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment under § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff will be required to file an amended complaint. Also before the Court is

Plaintiff's Declaration (Doc. 7), which is construed as a motion for default judgment and will be denied.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff names a large number of Defendants and asserts three claims for multiple constitutional violations. In sum, Plaintiff asserts that he has been denied the "usual protections that courts give defendants in the criminal Justice system." The Court notes that Plaintiff has filed a complaint in another case, *Fuentes v. Chavez, et al.*, No. CV 07-0714 RB/KBM, with claims related to those asserted here. For relief, Plaintiff seeks damages and equitable relief.

The complaint contains only conclusory assertions of constitutional violations with almost no supporting factual allegations. Plaintiff's only allegations are that Defendants denied him the use of certain evidence, possibly denied him medical treatment for a mental condition, and may have censored his mail. These actions and deprivations apparently amounted to, or

resulted in, cruel and unusual punishment, excessive force, slander, and deliberate indifference, and loss of his right to a speedy trial.  The alleged denial of constitutional protections in a state criminal proceeding also forms the basis of Plaintiff's earlier complaint in cause No. CV 07-0714 RB/KBM.  It is possible that the instant complaint was intended as an amendment or supplement in the earlier action.  Because this complaint fails to allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic*, --- U.S. at ---, 127 S. Ct. at 1974, the Court will allow Plaintiff to amend his complaint, *see Hall*, 935 F.2d at 1110.  Failure to comply with this Order may result in dismissal of the complaint.

No relief is available on Plaintiff's motion for default judgment.  No defendant has been served, and default judgment cannot be entered against a defendant unless service of process is effected or the defendant waives or accepts service.  *See, e.g., Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987); *Texas Western Financial Corp. v. Edwards*, 797 F.2d 902, 905 (10th Cir. 1986).  "[A]n entry of default against [a defendant], before it had any obligation to file an answer, would have been incorrect as a matter of law."  *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).  The Court will deny Plaintiff's motion for default judgment (Doc. 7).

IT IS THEREFORE ORDERED that Plaintiff's motions for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 2 & 4) are GRANTED and the initial partial payment is WAIVED; Plaintiff must make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee;

IT IS FURTHER ORDERED that Plaintiff's Declaration (Doc. 7), construed herein as a motion for default judgment, is DENIED;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this Order, Plaintiff may file a second amended complaint;

IT IS FURTHER ORDERED that the Clerk is directed to mail to Plaintiff, with a copy of this Order, a form complaint under 42 U.S.C. § 1983 and two copies of the post-filing Financial Certificate.

_____
Richard L. Puglisi
United States Magistrate Judge